IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANUEL ALMARAZ CRUZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-cv-01541-M |
| | § | |
| STATE FARM LLOYDS AND TERESA WILLIAMS, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Remand (ECF No. 11). For the following reasons, the Court **GRANTS** the Motion and **REMANDS** the case to the 134th Judicial District Court of Dallas County, Texas.

I.  **BACKGROUND**

This action concerns a dispute over Defendants' denial of Plaintiff's insurance claim for property damage. Plaintiff, a Texas citizen, filed an Original Petition in the 134th Judicial District Court of Dallas County, Texas against Defendant State Farm Lloyds ("State Farm"), an Illinois and Arizona corporation, and Defendant Teresa Williams ("Williams"), a Texas citizen and individual adjuster employed with State Farm. Pl.'s Orig. Pet. [Docket Entry #1-1], Defs.' Notice of Removal at ¶ 9 [Docket Entry #1].

Plaintiff alleges that his property, allegedly covered by an insurance policy issued by State Farm ("Policy"), sustained hail and/or wind storm damage on June 9, 2015. Pl.'s Orig. Pet. [Docket Entry #1-1] at ¶ 12. Plaintiff claims that he asked State Farm to cover the cost of repairs pursuant to the Policy. State Farm assigned Williams to adjust and investigate the claim. *Id.* at

¶ 15.  Plaintiff alleges that State Farm wrongfully denied Plaintiff's claims for repairs and did not provide full coverage under his Policy.  *Id.* at ¶ 21.

Plaintiff filed suit in state court for common law fraud, conspiracy to commit fraud, and waiver against both State Farm and Williams.  *Id.* at pp. 13-15.  Plaintiff asserts the following causes of action against State Farm: (1) breach of contract based on failure to pay adequate compensation under the terms of the Policy; (2) violations of Sections 541 and 542 of the Texas Insurance Code; (3) breach of the common law duty of good faith and fair dealing; and (4) fraud.  *Id*. at pp. 15-19.  Plaintiff further asserts violations of Section 541 of the Texas Insurance Code against Williams.  *Id.* at 9-12.

State Farm and Williams removed the case to this Court, arguing that Williams was improperly joined because Plaintiff failed to state a claim against her and Williams' Texas citizenship should therefore be disregarded for purposes of diversity jurisdiction.  Defs.' Notice of Removal [Docket Entry #1] at ¶ 9.  Plaintiff moved to remand, arguing Williams was properly joined as a Defendant, and thus, there is not complete diversity.  [Docket Entry #11 at ¶ 2].

## II.     LEGAL STANDARD

Removal of any civil action filed in state court over which district courts have original jurisdiction is proper under 28 U.S.C. § 1441(a).  Federal courts have subject matter jurisdiction under 28 U.S.C. § 1332 only where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332.  Here, the parties do not appear to dispute that the amount in controversy exceeds $75,000; therefore, subject matter jurisdiction exists if the matter in controversy is between citizens of

different states. *Id.*; *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010).

The Fifth Circuit applies the federal court pleading standard to a plaintiff's state court petition for purposes of a removal and improper joinder analysis. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016). "[T]he petition as filed in state court controls the inquiry." *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

A defendant can establish improper joinder by (1) showing either actual fraud in the pleading of jurisdictional facts or (2) an inability to establish a cause of action against the non-diverse defendant in state court. *Waste Mgmt., Inc. v. AIG Specialty Ins. Co.*, No. CV H-16-3676, 2017 WL 3431816, at *3 (S.D. Tex. Aug. 9, 2017). The latter is applicable here. To prevail, the removing defendant must show that there is no possibility of recovery by the plaintiff against the in-state defendant in state court. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). "If a nondiverse defendant has been properly joined, then the federal court has no jurisdiction and must remand the removed case." *Arrow Bolt & Elec., Inc. v. Landmark Am. Ins. Co.*, No. 3:17-CV-1894-M, 2017 WL 4548319, at *2 (N.D. Tex. Oct. 12, 2017) (Lynn, C.J.). If, on the other hand, the nondiverse defendant has been improperly joined, then remand must be denied, and the claims against the nondiverse defendant should be dismissed without prejudice. *Id.*

To determine whether a plaintiff has a "reasonable basis for recovery under state law . . . [t]he court may conduct a Rule 12(b)(6)-type analysis." *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004) (en banc); *Anderson v. Georgia Gulf Lake Charles*, 342 Fed. Appx. 911, 915 (5th Cir. 2009). To survive a 12(b)(6) challenge, the petition must contain sufficient facts to state a claim for relief that is plausible on its face. *Arrow Bolt*, 2017 WL

4548319 at *1. Disputed questions of fact are resolved in favor of the plaintiff, and the court must then decide whether the plaintiff has any possibility of recovery against the defendant whose joinder is questioned. *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir 1990). If the court finds a reasonable basis to predict that plaintiff can potentially recover on any of the alleged causes of action, the court must remand the entire case. *Roach v. Vehicle,* No. 3:15-CV-3228-G, 2016 WL 795967, at *4 (N.D. Tex. Feb. 29, 2016) (Fish, J.).

**III.     ANALYSIS**

There is a split of authority regarding whether an adjuster can be held liable under Tex. Ins. Code § 541.060(a)(2)(A). This Court has concluded that an insurance adjuster may be held personally liable for engaging in unfair settlement practices under § 541.060(a)(2). *Martinez v. State Farm Lloyds*, No. 3:16-CV-00040-M, 2016 WL 4427489, at *2 (N.D. Tex. Aug. 22, 2016) (Lynn, C. J.); *Progressive Island, LLC v. Scottsdale Insurance Company*, No. 3:13-CV-0741-M, 2013 WL 6065414, at *2-3 (N.D. Tex. Nov. 18, 2013) (Lynn, J.); *See Denley Group, LLC v. Safeco Insurance Company of Indiana*, No. 3:15-CV-1183-B, 2015 WL 5836226, at *3-4 (N.D. Tex. Sept. 30, 2015) (Boyle, J.) (finding that an insufficient investigation may well lead to a less than fair settlement of a claim); (*Lopez-Welch v. State Farm Lloyds*, No. 3:14-CV-2416-L, 2014 WL 5502277, at *8 (N.D. Tex. Oct. 31, 2014) (Lindsay, J.); *Shade Tree Apartments, LLC v. Great Lakes Reinsurance (UK) PLC*, No. A-15-CA-843-SS, 2015 WL 8516595, at *6 (W.D. Tex. Dec. 11, 2015). *Contra Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014) (Solis, J.); *Lopez v. United Prop. & Cas. Ins. Co.*, 197 F. Supp. 3d 944,

950 (S.D. Tex. 2016); *Doss v. Warranty Underwriters Ins. Co.*, 04–11–00776–CV, 2012 WL 5874316, at *2 (Tex. App.–San Antonio Nov. 21, 2012, no pet.).

This Court agrees that "[i]n the context of a motion to remand, this split in authority regarding the scope of an insurance adjuster's liability under the Texas Insurance Code must be resolved in favor of remand because '[a]ny ambiguities are construed against removal and in favor of remand to state court.'" *Mehar Holdings, LLC v. Evanston Ins. Co.*, No. 5:16-CV-491-DAE, 2016 WL 5957681, at *4 (W.D. Tex. Oct. 14, 2016) (quoting *Hood ex rel. Mississippi v. JO Morgan Chase & Co.*, 737 F.3d 78, 84 (5th Cir. 2013)); *accord Roach*, 2016 WL 795967, at *6. Because Texas law recognizes that an adjuster can potentially be liable for Texas Insurance Code violations, the issue before this Court is whether Plaintiff has stated a viable claim against Williams.

In their Motion to Remand, Plaintiff argues that he has pled specific facts upon which relief may be granted. In response, Defendants argue that the allegations are generic and conclusory and insufficient to state a claim against Williams.

Plaintiff specifically alleges numerous causes of action against Williams under Chapter 541 of the Texas Insurance Code. Pl.'s Orig. Pet. [Docket Entry #1-1] at pp. 9-13. Plaintiff alleges that Williams: (1) failed to conduct a reasonable inspection and assessment of the damages; (2) omitted covered damages in her report and severely underestimated the included covered damages; (3) failed to provide an adequate explanation for the inadequate compensation for Plaintiff's damage; (4) failed to explain to Plaintiff the reasons for denying full payment and failed to communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy; (6) failed to provide an explanation for not attempting to settle Plaintiff's claim within a reasonable time; and (7) failed to affirm or deny coverage of

Plaintiff's claim and failed to submit a reservation of rights to Plaintiff within a reasonable time. *Id.* at pp. 11-13.

Plaintiff specifically alleges the inspection was inadequate, and that Williams underestimated Plaintiff's damages:

> . . . Defendant Williams inspected the property on July 31, 2015, for twenty (20) minutes. Williams conducted an unreasonable and substandard inspection of Plaintiff's Property, failing to properly inspect all of the damages to the interior and exterior of Plaintiff's property. The unreasonableness and inadequacy of Defendant Williams' investigation(s) of Plaintiff's claim is further evidenced by the State Farm report dated July 31, 2015, which only included some, but otherwise failed to include all of Plaintiff's damages. For example, Williams omitted many of Plaintiff's interior damages, as well as some of the exterior damages—including but not limited to, damages to the exterior siding, fence and patio. Ultimately, Defendant Williams failed to properly scope Plaintiff's damages and underestimated the cost of repairs to the damages, thereby failing to allow for adequate funds to cover the cost of repairs to Plaintiff's Property.

*Id.* at pp. 4-5.

The Court finds that Plaintiff's Original Petition is sufficient under the federal court pleading standard to state a claim against Williams under Tex. Ins. Code § 541.060(a)(2)(A). *Int'l Energy Ventures*, 818 F.3d at 208. The Court finds that there is a reasonable basis to predict that Plaintiff might recover against Williams under state law. *Smallwood*, 385 F.3d at 573. Because Williams was not improperly joined, Williams' citizenship destroys diversity jurisdiction.

## IV. CONCLUSION

Plaintiff's Motion to Remand is **GRANTED**, and the Court **REMANDS** this case to the 134th Judicial District Court of Dallas, County, Texas.

**SO ORDERED**.

December 18, 2017.

_____
BARBARA M. G. LYNN
CHIEF JUDGE